# EXHIBIT A

**2017 CA 007323 B FAHEY, KEVIN Vs. TARGET INC et al EW**

| | | | | | | |
|---|---|---|---|---|---|---|
| **Case Type** | Civil II | **Case Status:** | Open | **File Date:** | | 10/25/2017 |
| **Action:** | Complaint for Consumer Protection Act Filed | **Status Date:** | 10/25/2017 | **Next Event:** | | 01/26/2018 |

**All Information**  **Party**  **Event**  **Docket**  **Receipt**  **Disposition**

### Docket Information

| Date | Docket Text | Image Avail. |
|---|---|---|
| 10/25/2017 | Complaint for Consumer Protection Filed  Receipt: 382069  Date: 11/01/2017 | |
| 11/01/2017 | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 01/26/2018   Time: 9:30 am<br>Judge: WINGO, ELIZABETH   Location: Courtroom A-47 | |
| 11/01/2017 | Issue Date:  11/01/2017<br>Service:  Summons Issued<br>Method:  Service Issued<br>Cost Per:  $<br><br>     TARGET INC<br>     1000 Nikollet Mall, TPS 2672<br>     MINNEAPOLIS, MN   55403<br>     Tracking No: 5000195869<br><br>     JOHNSON & JOHNSON CONSUMER PRODUCTS, INC<br>     Grandview Road<br>     SKILLMAN, NJ   08558<br>     Tracking No: 5000195870 | |

DISTRICT OF COLUMBIA SUPERIOR COURT
Civil Division

Kevin Fahey,
5301 Birds View Lane, Unit D
Alexandria, VA
   Representative Plaintiff

v.

Johnson & Johnson Consumer Products, Inc
Grandview Road,
Skillman, New Jersey, 08558.

Target Inc.
1000 Nicollet Mall TPS 2672
Minneapolis MN 55403
  Defendants

Judge

Track

2017 CA 007323 B

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.    This is a proposed Representative Action Complaint for the false, misleading and deceptive labeling of products as "natural," when these products in fact contain a spectacular array of synthetic and toxic ingredients.

2.    Aware of the health risks and environmental damage caused by chemical-laden personal care and household care products, and aware that toxic chemicals can enter the body through inhalation or skin contact, consumers increasingly demand products that are natural and/or plant-based, and that omit harsh chemicals.

3.    Knowing this, the defendant makes and sells products representing that the same are all natural and do not contain harsh chemicals or the like.

4.    However, the products are a chemical soup, containing a substantial array and significant amount of ingredients that are synthetic.

1

5. By these deceptions, the defendants are able to command a premium price, increasing consumers' willingness to pay and take away market share from competing products, thereby increasing their own sales and profits.

6. Consumers lack the scientific knowledge necessary to determine whether personal care, baby care, and household care ingredients are natural, plant-based, or harsh. Reasonable consumers must and do rely on the vendors to report accurately the contents of the product.

7. These false and misleading representations and omissions violate DC's Consumer Protection Act.

8. Plaintiff brings this action to stop these deceptive and misleading practices and to obtain redress for consumers.

**JURISDICTION AND VENUE**

9. This Court has personal jurisdiction over the parties in this case. The Defendants purposefully avails themselves of the laws of Washington DC to market and sell the products at issue to consumers in Washington DC.

10. Venue is proper in this District under 28 U.S.C. § 1391(a). Substantial acts in furtherance of the alleged improper conduct, including the dissemination of false, misleading and deceptive information regarding the nature, quality, and/or ingredients of the Products, occurred within this District.

## PARTIES

11. Plaintiff Kevin Fahey is a resident of Virginia.

12. Defendant Johnson & Johnson Consumer Products, Inc is a corporation organized and existing under the laws of the State of New Jersey, with its headquarters and principal place of business at Grandview Road, Skillman, New Jersey, 08558.

13. Johnson & Johnson manufactures and/or causes the manufacture of personal care, baby care, and household care products. Johnson & Johnson sells a line of skin and other personal care products under the label "Aveeno". Therefore, the Defendant herein will be referred to as Aveeno.

14. Target is a Minnesota corporation, which maintains its principal place of business and headquarters in 1000 Nicollet Mall TPS 2672 Minneapolis MN 55403. Target and Aveeno will collectively be referred to as the "Defendants").

15. Aveeno labels these products under its own name, and markets and distributes the products, *inter alia,* through retail stores in the District of Columbia, and the United States.

## LEGAL FRAMEWORK - THE INTERESTS OF THE PLAINTIFFS AND THE GENERAL PUBLIC AND THE DC CONSUMER PROTECTION ACT

16. The District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C. Code § 28-3901 et seq., prohibits unlawful trade practices. The prohibited trade practices include, in relevant part,

> (a) represent that goods or services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have;
>
> (d) represent that goods or services are of particular standard, quality, grade, style, or model, if in fact they are of another;
>
> (e) misrepresentation of a material fact which has a tendency to mislead,
>
> (f) fail to state a material fact if such failure tends to mislead, or
>
> (f-1) [u]se innuendo or ambiguity as to a material fact, which has a tendency to mislead; and
>
> (x) to sell consumer goods in a condition or manner not consistent with that warranted by operation of sections 28:2-312 through 318 of the District of Columbia Code, Official Code, or by operation or requirement of federal law.

3

Section 3904.

16. Additionally, "the CPPA's extensive enforcement mechanisms apply not only to the unlawful trade practices proscribed by § 3904, but [also] to all other statutory and common law prohibitions." *Osbourne v. Capital City Mortgage Corp.*, 727 A.2d 322, 325-26 (D.C. 1999).

17. The CPPA allows for treble damages, or $1500 per violation, whichever is greater, as well as reasonable attorneys' fees, punitive damages, an injunction against the unlawful trade practice, "additional relief as may be necessary to restore the consumer money or property . . . which may have been acquired by means of the unlawful trade practice," and "any other relief the court deems proper." D.C. Code § 28-3905(k)(1).

18. Plaintiffs brings this action on behalf of himself and as a Representative Plaintiffs acting for the interests of the general public of the District of Columbia, seeking relief from Defendants' use of trade practices in violation of laws of the District of Columbia, pursuant to D.C. Code § 28-3905(k)(1).

## THE FAHEY PURCHASE

24. On July 10th 2017, Mr. Fahey purchased Aveeno's "Daily Moisturizing Lotion" ("DML") from Target at Columbia Heights, Washington DC. The bottle contains the "Active Naturals" and "Soothing Oatmeal" trademarks.

## SUBSTANTIVE ALLEGATIONS

17. American consumers increasingly and consciously seek out natural and plant-based ingredients in their personal care and household products. Once a small niche market, natural products are now sold by conventional retailers, and their sales continue to soar.

18.     Consumers value natural and plant-based products for myriad health, environmental, and political reasons, including avoiding skin irritation and disease, attaining health and wellness, help the environment, and financially supporting companies that share these values.

19.     Hoping to capture this growing market, Aveeno produces personal care products that it markets as "natural." It thus markets itself as a different type of company that eschews the synthetic and toxic ingredients that other manufacturers typically use..

## PRODUCTS FALSELY LABELED AS "NATURAL"

20.     The phrase "Active Naturals" and Soothing Oatmeal" appear prominently on the packaging of the DML. The phrase "Active Naturals" and "Soothing Oatmeal" constitute a representation to a reasonable consumer that the entire formula is comprise of natural ingredients.

21..    Indeed, the Aveeno webpage for DML states "Formulated with Active Naturals Colloidal Oatmeal and rich emoillents"

22.     However, both the packaging and webpage for DML list as the only active ingredient dimethicone.

23.     Dimenthicone is what chemists call a "silicon-based polymer"—"polymer" meaning it is a large molecule made up of several smaller units bonded together. Simply put, dimethicone is a silicon oil that is man-made in the laboratory..

24.     Further, the product contains several "inactive" ingredients which are not "natural". First, benzyl alcohol, a synthetic ingredient which is used as a solvent and preservative. The FDA classifies cetyl alcohol as a synthetic fatty alcohol. 21 C.F.R. § 172.864. It has been associated with contact allergies

25.     Second, glycerin, which is a synthetic substance. 7 C.F.R. § 205.605(b). It is produced through various extensive means using synthetic and/or hazardous substances, including epichlorohydrin (hazardous), sodium hydroxide (synthetic and hazardous), allyl alcohol (synthetic and hazardous), hydrogen peroxide (synthetic), and peracetic acid (synthetic).

26.     Such deceptions are also made on numerous other Aveeno products (the "Products").

27.     Through its deceptive practice of marketing and selling the Products as "Active Naturals" despite the presence of synthetic ingredients, Aveeno was able to command a premium price by deceiving consumers about the attributes of the Products and distinguishing the Products from similar personal care products, including but not limited to other moisturizing oils, shave gels and shaving creams, and daily scrubs. Aveeno was motivated to mislead consumers for no other reason than to take away market share from competing products, thereby increasing its own profits.

28.     "Unnatural" is a defining characteristic of synthetic ingredients.

29.     Because Aveeno contains synthetic, unnatural ingredients, Defendants' "Active Naturals" claims on the Product labeling and in the Product marketing are false, misleading, and designed to deceive consumers into purchasing the Products.

30.     By labeling and advertising the Products as "Active Naturals," Aveeno creates the impression amongst reasonable consumers that the Products are natural. However, Aveeno failed to adequately inform consumers that the Products contain numerous synthetic, unnatural, and dangerous ingredients. Indeed, Aveeno only lists the synthetic, unnatural ingredients in the Products on the back of the Product packaging in small, hard-to-read print and, even then, fails to inform consumers that many of the ingredients listed are synthetic and unnatural. Moreover, Aveeno omits many of these the synthetic, unnatural ingredients from the website.

**THE REPRESENTATIONS ARE FALSE, DECEPTIVE, AND MISLEADING**

31. Aveeno's conduct deceived and/or was likely to deceive the public. Consumers were deceived into believing that the listed ingredients are not synthetic, are "natural" and/or "plant-based," and are not harsh chemicals. Instead, these ingredients are synthetic. Some are also known or suspected toxins, carcinogens, and/or environmental hazards, and are not reasonably expected by consumers to be added to the products.

32. Consumers would not know the true nature of the ingredients merely by reading the ingredient label. Discovery of the true nature of the ingredients requires knowledge of chemistry and federal regulations beyond that of the average reasonable consumer.

33. Plaintiff and members of the DC Public are not at fault for failing to discover Aveeno's wrongs earlier, and had no actual or presumptive knowledge of facts sufficient to put them on inquiry notice.

**AVEENO KNEW THE REPRESENTATIONS WERE FALSE**

34. Aveeno holds itself out to the public as a trusted expert in the natural products area..

35. Aveeno knew what representations it made regarding the Aveeno Products. It also knew what ingredients were added to each product, as (presumably) all product ingredients are listed on the product packages.

36. Aveeno is governed by and knows the federal regulations that govern the labeling of the Products, and thus was aware that many of the ingredients are synthetic and/or toxic.

37. Allegations similar to those made above are also being made in litigation in the Southern District of New York federal court. However, the Defendants are still selling falsely labelled products in the District of Columbia.

**AVEENO INTENDED THAT CONSUMERS RELY ON ITS MISREPRESENTATIONS**

38. Aveeno made the false, deceptive, and misleading representations and omissions, intending for Plaintiffs and the Class members to rely upon these representations and omissions in purchasing one or more of its products.

39. In making the false, misleading, and deceptive representations and omissions at issue, Aveeno knew and intended that consumers would purchase the Aveeno products when consumers would otherwise purchase a competing product or employ an alternate regimen (such as using products like shea butter or pure extra virgin olive oil for facial care).

40. In making the false, misleading, and deceptive representations and omissions at issue, Aveeno also knew and intended that consumers would pay a premium for natural products that are free of harsh chemicals, furthering Aveeno's private interest of increasing sales of its products and decreasing the sales of the all-natural and/or plant- based products that are truthfully marketed by its competitors.

41. Aveeno knows that consumers prefer natural products Aveeno knows that consumers will pay a premium for these products or would not purchase these products at all unless they were natural, as advertised.

42. Similarly, independent surveys confirm that consumers will purchase more natural products than conventional products, and will pay a premium for natural products.

### AVEENO BENEFITTED FROM ITS MISLEADING AND DECEPTIVE REPRESENTATIONS AND OMISSIONS

43. As the intended, direct, and proximate result of Aveeno's false, misleading, and deceptive representations and omissions, Aveeno has been unjustly enriched through more sales of its products and higher profits at the expense of Plaintiff and the General Public. As a direct and proximate result of its deception, Aveeno also unfairly obtained other benefits, including

the higher value associated with a "natural" brand and the resulting higher stock value, redirecting sales to it and away from its competitors, and increased sales of its other products.

44. As for the Defendant Target, notice was given to the same, through other litigation, that the products at issue were defective. Yet Target has continued to sell these products.

**CLASS ACTION ALLEGATIONS**

45. As the DC Court of Appeals has ruled the due process elements of class actions apply to representative filings such as the instant one, the plaintiffs herein allege that this will be maintained as a class action.

46. The elements of numerosity, typicality, commonality and representativeness are present, and will be spelled out in a Motion for Class Certification to be filed no later than 90 days after the docketing of this Complaint.

**The DC Consumer Protection Act**

47. § 28-3904 of the CPPA provides that it is a violation "whether or not any consumer is in fact misled, deceived or damaged thereby," for any merchant to, among other things,

> "(a) represent that goods or services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have;
>
> (d) represent that goods or services are of particular standard, quality, grade, style, or model, if in fact they are of another;
>
> (e) to make a misrepresentation of a material fact which has a tendency to mislead;
>
> (f) fail to state a material fact if such failure tends to mislead; or to
> (f-1) [u]se innuendo or ambiguity as to a material fact, which has a tendency to mislead; and
>
> (x) sell consumer goods in a condition or manner not consistent with that warranted by operation of sections 28:2-312 through 318 of the District of Columbia Official Code. . . by operation or requirement of federal law."

9

76. The Products are "consumer good[s]", and the Defendants are "merchants" within the meaning of the CPPA. D.C. Code § 28-3901(1)(2) and (7).

### Count I
### Violation of the CPPA
### Implied and Express Warranties
### Section 3904(x)

77. Plaintiffs incorporates the allegations of paragraphs 1 through 76 as though fully set forth herein, and alleges further:

78. As noted above, the CPPA § 28-3904 provides that it is a violation "whether or not any consumer is in fact misled, deceived or damaged thereby," for any person so, among other things: to sell "consumer goods in a condition or manner not consistent with." 3904(x).

79. Section 313 of the D.C. UCC (DC Code § 28:313 provides:

(1) Express warranties by the seller are created as follows:

> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and become part of the basis of the bargain creates an express warranty that the goods shall conform the affirmation or promise.
>
> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.
>
> (c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

(2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation does not create a warranty.

80. Section 314 of the D.C. UCC (D.C. Code § 28-314) provides:

> (a) Unless excluded or modified . . . a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section, the serving for value of food or drink to be consumers either on the premises or elsewhere is a sale.
>
> (b) Goods to be merchantable must be at least such as . . .

       ( i ) In the case of fungible goods, are of fair average quality within the description; and

       (ii) Are fit for the ordinary purposes for which such goods are used; and

       (iii) Are adequately contained, packaged, and labeled as the agreement may require; and

       (iv) Conform to the promises or affirmations of fact made on the container or label, if any.

81. These warranties are both expressed and implied in every sale of Defendants' products in the District and have not been excluded or modified.

82. Plaintiffs and D.C. consumers have purchased the Products from the Defendants. Said products are covered by Defendants' Express Warranties and the Implied Warranty of Merchantability and Plaintiffs and D.C. Consumers have been and continue to be adversely affected by Defendants' failure to honor their warranties.

83. The Products are not merchantable because they neither fit for the ordinary purpose for which such goods are used, nor conform to the promises or affirmations of fact made on the container or label and statement of fact made in advertisements for said products.

84. 28:2-607 (3) (A) requires that a buyer must within a "reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy"

85. Plaintiff's counsel, on behalf of him and the DC Public, have given such notice

86. Defendants' breaches of their Express Warranties and the Implied Warranty of Merchantability, and their sale of consumer goods in a condition and in a manner inconsistent with D.C. law and contrary to the operation and requirements of federal law constitute unlawful trade practices, which violate the rights of Plaintiffs and D.C. consumers protected by the CPPA. D.C. Code § 28-3904(x).

## Count II –
## Violations of the CPPA –
## Misrepresentation Of A Material Fact Which Has A Tendency To Mislead, Failure To State A Material Fact Which Has A Tendency To Mislead

87. Plaintiffs incorporate the allegations of paragraphs 1 through 76 as though fully set forth herein, and alleges further:

88. The Defendants have made numerous misrepresentations and omissions of material fact with respect to the Aveeno Products, which misrepresentations have a tendency to mislead, including, but not limited to the misrepresentations that the Aveeno Products are natural.

## Count III
## Violations of the DC Commercial Code

89. Plaintiffs incorporates the allegations of paragraphs 1 through 76 as though fully set forth herein, in particular those with respect to the DC Commercial Code in Paragraphs 78 through 86 and alleges further:

90. The breaches of the DC Commercial Code as set forth above constitute an independent cause of action, for which Plaintiffs, on behalf of the DC General Public, seeks damages as set forth below.

## Count IV
## Unjust Enrichment

91. Plaintiffs incorporates the allegations of paragraphs 1 through 76 as though fully set forth herein.

92. Unjust enrichment occurs when a person retains a benefit, in the present case, money, which in justice and equity belongs to another. The party who retains the benefit is obliged to make restitution to the person who conferred the benefit if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for [the recipient] to retain it.

93.     Through the deceptive practices as described above, the Defendants have been unjustly enriched.

## PRAYER FOR RELIEF

WHEREFORE, as to Counts I-II of the Complaint, Plaintiffs, on behalf of the general public of the District of Columbia, asks this court to award:

statutory or actual damages, trebled, except that in no case does any individual Plaintiffs seek an amount in excess of $74,000;

disgorgement of profits obtained through the sales of the products at issue in the District of Columbia;

attorneys' fees; and

an injunction against Defendants' violations of the CPPA; and

as to Count III and IV, monetary damages for monies wrongfully obtained by the Defendants from the DC General Public ; and

any other relief this court deems just and proper.

Respectfully Submitted

*Thomas C. Willcox*
Thomas C. Willcox, Attorney at Law
DC Bar No 445135
1701 16th Street, N.W
Suite 211
Tel: (202)338-0818
T.C. (202) 333-3538
tcw19law@gmail.com